**CORRECTED**

# In the United States Court of Federal Claims

No. 24-2051C

(Filed: June 26, 2025)

|  |  |
|---|---|
| **CULMEN INTERNATIONAL, LLC,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant,* | ) ) |
| and | ) ) |
| **AMENTUM SERVICES, INC.,** | ) ) ) |
| *Defendant-Intervenor.* | ) ) ) |

## ORDER

On May 19, 2025, Plaintiff, Culmen International, LLC ("Culmen"), voluntarily dismissed its case without prejudice pursuant to Rule 41(a)(1)(A)(i), ECF No. 43, effectively agreeing to the government's proposed corrective action, ECF No. 42. Nearly a month later, on June 12, 2025, Culmen filed a motion, ECF No. 44, for relief from the standard protective order ("PO"), ECF No. 9, which this Court issued at Culmen's request, ECF No. 7. Culmen's pending motion seeks an extension of the PO's record destruction deadline — until sixty days following the conclusion of the government's corrective action. ECF No. 44. On June 23, 2025, the government filed its timely opposition to Culmen's motion. ECF No. 46.

On balance, this Court agrees with the government, at least *in this case*:

> There is nothing unique about Culmen's circumstance; this case is one of many protests in which the procuring agency decided to take corrective action. If the Court were to grant Culmen's motion, every protestor under such circumstances might seek the same relief, thus nullifying the important protections within Paragraphs 2 and 20 of the standard protective order. The Court should not let Culmen overcome

the protective order's express terms so easily.

ECF No. 46 at 6.

Culmen posits, in contrast, that "[c]ertain arguments and the factual underpinnings of the same, including those attacking the arbitrary removal (or addition) of technical factor-related strengths and weaknesses, may provide a basis for protest in the future, depending on the results of the Agency's corrective action." ECF No. 44 at 3. According to Culmen, "[w]ithout continued access to the administrative record from this case, any future complaint would be unable to state a valid basis of protest with respect to such arguments[.]" *Id.*

But Culmen's argument does not make sense given the government's representation about what its correction action would entail. The government represented to this Court (and the parties) that the "agency's corrective action will include cancellation of the award decision, re-evaluation of the most recent proposals submitted by offerors, establishment of a new competitive range, discussions with offerors within the new competitive range (following minor amendments to the solicitation, if necessary), and ultimately a new award decision." ECF No. 42. Under these circumstances, the new procurement decision will stand on its own: the new award decision will replace the canceled one, and the new award decision may be challenged, if at all, on the basis of the new procurement record. *Cf. Dep't of Homeland Sec. v. Regents of the Univ. of California*, -- U.S. --, 140 S. Ct. 1891, 1908 (2020) (holding that, on remand, "the agency can 'deal with the problem afresh' by taking *new* agency action" (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947))). Accordingly, the Court is doubtful — although we do not prejudge the issue — that the record of the now-cancelled award decision could possibly be relevant to a new procurement decision. In that regard, if Culmen had an objection to the scope of the corrective action, Culmen should not have acquiesced to it so readily. *Vanquish Worldwide, LLC v. United States,* 163 Fed. Cl. 57, 71-72 (2022) (parties are bound by agreed-upon corrective action).

In addition, Culmen voluntarily dismissed its protest without negotiating any relaxation of the PO's record destruction deadline that Culmen now seeks to modify. The Court sees no reason to grant Culmen's request at this late date, particularly when the standard PO contemplates the possibility of corrective action by tying the destruction deadline to the "the conclusion of this action." ECF No. 9 ¶ 20. Culmen obtained the PO it asked for, and cannot now complain about the unfairness of the PO's terms.

Finally, this Court agrees with the government that "Culmen fails to explain . . . why protected materials obtained during this litigation might be necessary to substantiate a future challenge, *during which the same materials would be available to the protestor to the extent relevant to the facts alleged.*" ECF No. 46 at 6 (emphasis added). Given *that* concession by the government — and the Court appreciates the government's candor — the likelihood of any prejudice to Culmen is minimal. Depending on the contours of any future protest claims, the government indeed will have to provide the same materials, anyhow.

This Court might have been persuaded to agree with Culmen — or may be persuaded in a future case by another plaintiff — given different facts or a more developed argument. But particularly in light of the nature of the government's corrective action to which Culmen effectively agreed, the government has the better side of this argument.

Culmen's motion is **DENIED**. Culmen shall promptly comply with the terms of the PO. Because the deadline for the destruction of protected materials has already passed, Culmen shall comply with that requirement within three (3) business days of this Order.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

3